**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELLIOT NILSSON GARCIA-CASTRO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-74544<br><br>Agency No. A072-321-175<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Elliot Nilsson Garcia-Castro, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's removal order and denying his motion to

remand.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008), and review de novo claims of ineffective assistance of counsel, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not err in finding that Garcia-Castro had not shown prejudice from former counsel's failure to request he be granted asylum nunc pro tunc, to apply for adjustment of status under 8 U.S.C. § 1159, or to apply for relief under the Nicaraguan Adjustment and Central American Relief Act, where Garcia-Castro failed to establish that he qualified for such relief. *See Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003) (prejudice results when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings). Accordingly, the BIA did not abuse its discretion by denying Garcia-Castro's motion to remand.

**PETITION FOR REVIEW DENIED.**